JS 44 (Rev. 12/07)(cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

MARLICE MILLER

**DEFENDANTS**

ALASKA AIRLINES, INC.

**(b)** County of Residence of First Listed Plaintiff **ALAMEDA**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **State of Washington**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Larry E. Cook, Esq.
CASPER, MEADOWS, SCHWARTZ & COOK
2121 North California Blvd., Suite 1020; Walnut Creek, CA 94596
Tel. 925 947-1147; Fax 925 947-1131

Attorneys (If Known)

Arthur I. Willner, Esq./ Teresa C. Chow, Esq. (118480 / 237694)
BERGER KAHN, A Law Corporation
4551 Glencoe Avenue, Suite 300, Marina del Rey, CA 90292
Tel. 310 821-9000; Fax 310 775-8775; Email: awillner@bergerkahn.com

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| [ ] 110 Insurance | [ ] 310 Airplane | [ ] 362 Personal Injury — | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 315 Airplane Product | Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal | [ ] 410 Antitrust |
| [ ] 130 Miller Act | Liability | [ ] 365 Personal Injury — | [ ] 625 Drug Related Seizure | 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & | Product Liability | of Property 21 USC 881 | | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment | Slander | [ ] 368 Asbestos Personal | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 460 Deportation |
| & Enforcement of Judgment | [ ] 330 Federal Employers' | Injury Product | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and |
| [ ] 151 Medicare Act | Liability | Liability | [ ] 650 Airline Regs. | [ ] 830 Patent | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 660 Occupational | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| Student Loans | [ ] 345 Marine Product | [ ] 370 Other Fraud | Safety/Health | | [ ] 490 Cable/Sat TV |
| (Excl. Veterans) | Liability | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment | [ ] 350 Motor Vehicle | [ ] 380 Other Personal | | SOCIAL SECURITY | [ ] 850 Securities/Commodities/ |
| of Veteran's Benefits | [ ] 355 Motor Vehicle | Property Damage | LABOR | [ ] 861 HIA (1395ff) | Exchange |
| [ ] 160 Stockholders' Suits | Product Liability | [ ] 385 Property Damage | [ ] 710 Fair Labor Standards | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | Product Liability | Act | [ ] 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| | | | & Disclosure Act | | [ ] 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER | [ ] 740 Railway Labor Act | | [ ] 893 Environmental Matters |
| | | PETITIONS | [ ] 790 Other Labor Litigation | FEDERAL TAX SUITS | [ ] 894 Energy Allocation Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate | [ ] 791 Empl. Ret. Inc. | | [ ] 895 Freedom of Information |
| [ ] 220 Foreclosure | [ ] 442 Employment | Sentence | Security Act | [ ] 870 Taxes (U.S. Plaintiff | Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ | Habeas Corpus: | | or Defendant) | [ ] 900 Appeal of Fee |
| [ ] 240 Torts to Land | Accommodations | [ ] 530 General | IMMIGRATION | [ ] 871 IRS—Third Party | Determination |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 462 Naturalization Application | 26 USC 7609 | Under Equal Access |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - | [ ] 540 Mandamus & Other | [ ] 463 Habeas Corpus – | | to Justice |
| | Employment | [ ] 550 Civil Rights | Alien Detainee | | [ ] 950 Constitutionality of |
| | [ ] 446 Amer. w/Disabilities - | [ ] 555 Prison Condition | [ ] 465 Other Immigration | | State Statutes |
| | Other | | Actions | | |
| | [ ] 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §1332(a). 28 U.S.C. §1441(a), (b)
Brief description of cause:
Personal Injury action arising out of airline incident.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ None

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

- [X] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE

DATE
June 9, 2008

SIGNATURE OF ATTORNEY OF RECORD



ARTHUR I. WILLNER, ESQ. (SBN 118480)
TERESA C. CHOW, ESQ. (SBN 237694)
BERGER KAHN
A Law Corporation
Mail Service:
Post Office Box 92621
Los Angeles, CA 90009-9998
Location:
4215 Glencoe Avenue, 2nd Floor
Marina del Rey, CA 90292-5634
Tel: (310) 821-9000 • Fax: (310) 578-6178
awillner@bergerkahn.com
tchow@bergerkahn.com
Attorneys for Defendant Alaska Airlines, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLICE MILLER, | CASE NO. CV 08 2875 BZ |
| Plaintiff, | |
| vs. | NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441(a), (b) [DIVERSITY JURISDICTION]; DECLARATION OF ARTHUR I. WILLNER; EXHIBITS A-B |
| ALASKA AIRLINES, INC., DOES 1 Through 50, et al. | |
| Defendants. | |

TO THE CLERK OF THIS COURT, TO PLAINTIFF, AND TO HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Defendant ALASKA AIRLINES, INC. hereby removes to this Court the state court action described below.

1. On May 12, 2008, an action was commenced in the Superior Court of the State of California in and for the County of San Francisco, entitled <u>Marlice Miller v. Alaska Airlines, Inc. and DOES 1 through 50</u>, as Case Number CGC-08-475214. A copy of the complete state court file is attached hereto as Exhibit "A." This action arises out of personal injuries allegedly sustained by Plaintiff while aboard an Alaska Airlines flight.

1    2.    This action is a civil action of which this Court has original jurisdiction

2 under 28 U.S.C. §1332(a), and is one which may be removed to this Court by Defendant

3 Alaska Airlines, Inc. pursuant to 28 U.S.C. §1441(a) and (b), in that it is a civil action

4 between citizens of different states, and the amount in controversy exceeds the sum of

5 $75,000, exclusive of interest and costs.

6    3.    The first date upon which Defendant Alaska Airlines, Inc. received a copy

7 of the Complaint was May 15, 2008, when it was served with the Summons and

8 Complaint. Alaska Airlines filed and served its Answer in the Superior Court on June 4,

9 2008. Accordingly, this removal petition is timely filed pursuant to the provisions of 28

10 U.S.C. §1446(b).

11    4.    Complete diversity of citizenship exists in that Plaintiff Marlice Miller is a

12 citizen of the State of California; and Defendant Alaska Airlines, Inc. was at the time the

13 state court action was filed and is a corporation incorporated under the laws of the State

14 of Alaska and having its principal place of business in the State of Washington, and is the

15 only defendant that has been served with the Summons and Complaint in this action.

16    5.    Although the Complaint, in accordance with California Code of Civil

17 Procedure §425.10(b), is silent as to the amount of damages sought by Plaintiff, it is

18 facially apparent from the Complaint that the claim exceeds $75,000. The Complaint

19 alleges that this action arises out of an accident on May 15, 2006 involving an Alaska

20 Airlines flight from Palm Springs to San Francisco, that either just before or after the

21 landing in San Francisco the passenger cabin filled with smoke, that the crew ordered an

22 emergency evacuation on the runway in San Francisco, that Plaintiff and her children

23 escaped through an over-wing emergency exit, and that Plaintiff was injured when she

24 "dropped" from the wing to the pavement. The Complaint further alleges that Plaintiff

25 sustained a serious back injury requiring surgery, that she has incurred substantial

26 medical expenses, and that she was unable to work for an extended period of time due to

27 her injuries.

28

BERGER KAHN
A Law Corporation
P.O. Box 92621
Los Angeles, CA 90009-9998

55965 RemovalNotice(Fcd).doc      2

Notice of Removal of Action Under 28 U.S.C. §§1441(a), (b)

1      Furthermore, prior to filing this action, Plaintiff's counsel advised Defendant's

2 insurance carrier in writing that, as of March 31, 2008, Plaintiff had incurred close to

3 $150,000 in medical bills, with estimated future medical bills of an additional $100,000.

4 Plaintiff's counsel further advised that Plaintiff had been diagnosed with a collapsed disc,

5 for which she underwent an anterior discectomy and fusion on March 9, 2007. Plaintiff's

6 counsel also stated that Defendant's potential exposure exceeds $2,500,000. (A true and

7 correct copy of Plaintiff's counsel's correspondence of March 31, 2007 is attached hereto

8 as Exhibit "B.") Under these circumstances, it is indisputable that the amount in

9 controversy exceeds the jurisdictional minimum of this Court.

10     6.     Accordingly, Defendant Alaska Airlines, Inc. respectfully requests that the

11 action now pending against it in the Superior Court of the State of California, County of

12 San Francisco, be removed to this Court and that the action be placed on the docket of

13 this Court for further proceedings as though originally instituted in this Court.

14

15 DATED: June 9, 2008             BERGER KAHN
                                    A Law Corporation

16

17                                    By:

18                                     ARTHUR J. WILLNER
                                    TERESA C. CHOW

19                                     Attorneys for Defendant ALASKA
                                    AIRLINES, INC.

20

21

22

23

24

25

26

27

28

BERGER KAHN
A Law Corporation
P.O. Box 92621
Los Angeles, CA 98009-9998

1 ## DECLARATION OF ARTHUR I. WILLNER

2     I, Arthur I. Willner, declare:

3     1.     I am an attorney at law duly licensed to practice before all the courts of the

4 State of California, and the United States District Court for the Northern District of

5 California. I am a principal in the law firm of Berger Kahn, counsel of record for

6 Defendant Alaska Airlines, Inc. in this matter. I am the attorney primarily responsible for

7 the defense of this action. If called upon to testify, I could competently do so of my

8 personal knowledge, as follows.

9     2.     Attached as Exhibit "A" is a true and complete copy of the file of the

10 Superior Court of the State of California, County of San Francisco, entitled <u>Marlice</u>

11 <u>Miller v. Alaska Airlines, Inc. and DOES 1 through 50</u>, Case Number CGC-08-475214.

12     3.     Attached as Exhibit "B" is a true and complete copy of correspondence,

13 dated March 31, 2008, from Plaintiff's counsel Richard A. Madsen, Jr., Esq. to Tara

14 Palmer of AIG Aviation, Alaska Airlines' insurance carrier.

15     I declare under penalty of perjury under the laws of the State of California and the

16 United States that the foregoing is true and correct. Executed on June 9, 2008 at Marina

17 del Rey, California.

18                           Arthur I. Willner

19

20

21

22

23

24

25

26

27

28

<div style="float:left">BERGER KAHN<br>A Law Corporation<br>P.O. Box 92621<br>Los Angeles, CA 90009-9998</div>

1
2

## AFFIDAVIT AND DECLARATION OF PROOF OF SERVICE BY MAIL
### (Code Civ. Proc. §§ 1013a(3) and 2015.5)

3

4     STATE OF CALIFORNIA                )
                                         )  ss.
      COUNTY OF LOS ANGELES             )

5

6          I, the undersigned, am employed in the County of Los Angeles, State of
      California. I am over the age of 18 and not a party to the within action.

7          I am employed by Berger Kahn, A Law Corporation, whose business address is:
      4215 Glencoe Avenue, 2nd Floor, Marina del Rey, California 90292 (the "firm").

8

9          On June 9, 2008, I served the foregoing document(s) described as **NOTICE OF
      REMOVAL OF ACTION UNDER 28 U.S.C. §1441(a), (b)** on the interested parties in

10    this action by placing ☐ the original ☒ true copy(ies) thereof, enclosed in sealed
      envelope(s) with postage thereon fully prepaid and by causing such envelope(s) to be
      deposited in the mail at 4215 Glencoe Avenue, 2nd Floor, Marina del Rey, California

11    90292, addressed as follows:

12    Larry E. Cook, Esq.
      Casper, Meadows, Schwartz & Cook

13    2121 North California Boulevard, Ste. 1020
      Walnut Creek, California 94596

14    (925) 947-1147
      (925) 947-1131

15

16         I am readily familiar with the firm's practice of collecting and processing
      correspondence for mailing with the United States Postal Service: it is deposited with the

17    United States Postal Service on that same day in the ordinary course of business. I am
      aware that on motion of a party served, service is presumed invalid if the postal

18    cancellation date or postal meter date on the envelope is more than one day after the date
      of deposit for mailing contained in this affidavit.

19

20         I declare under penalty of perjury under the laws of the State of California that the
      above is true and correct.

21         Executed on June 9, 2008, at Marina del Rey, California.

22

23

24                                        _Sandra Alvarenga_
25                                        SANDRA ALVARENGA

26

27

28

BERGER KAHN
A Law Corporation
P.O. Box 92621
Los Angeles, CA 90009-9998

**EXHIBIT A**

| Attorney or Party without Attorney: | | **IMAGED** | | For Court Use Only |
|---|---|---|---|---|
| LARRY E. COOK ESQ, Bar #122776 CASPER, MEADOWS, SCHWARTZ & COOK 2121 NO. CALIFORNIA BLVD, STE 1020 Walnut Creek, CA 94596 Telephone No: 925-947-1147     FAX No: 925-947-1131 | | MAY 27 2008 | | **FILED** |
| | | | Ref. No. or File No.: | San Francisco County Superior Court MAY 21 2008 |
| Attorney for: Plaintiff | | | | GORDON PARK-LI, Clerk |
| Insert name of Court and Judicial District and Branch Court: SAN FRANCISCO County SUPERIOR Court | | | | BY: Jeanette Stein Deputy Clerk |
| Plaintiff: MARLENE MILLER Defendant: ALASKA AIRLINES, INC | | | | |
| **PROOF OF SERVICE SUMMONS & COMPLAINT** | Hearing Date | Time. | Dept/Div: | Case Number: CGC08475214 |

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS (AND) COMPLAINT; , NOTICE TO PLAINTIFF, ADR PROGRAM INFORMATION PACKAGE, BLANK STIPULATION TO ADR, BLANK CASE MANAGEMENT STATEMENT, JUDICIAL MEDIATION PROGRAM;

3. a. Party served:        ALASKA AIRLINES, INC.
   b. Person served:       BECKY DEGEORGE, AGENT FOR SERVICE

4. Address where the party was served:     CSC
                                           2730 GATEWAY OAKS DRIVE, STE 100
                                           SACRAMENTO, CA 95833

5. I served the party:
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Thu., May. 15, 2008 (2) at: 11:25AM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of   ALASKA AIRLINES, INC.
   Under CCP 416.10 (corporation)

7. Person Who Served Papers:
   a. PHIL OLIVAS

   1280 BOULEVARD WAY #205
   WALNUT CREEK, CA 94595
   (925) 947-3470
   FAX (925) 947-3480
   WWW.ONEHOUR.NET

   LEGAL

                                      Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. The Fee for Service was:    $75.00

   e. I am: (3) registered California process server
      (i)   Employee
      (ii)  Registration No.:    #93-027
      (iii) County:              SACRAMENTO

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   Date:Thu, May. 15, 2008

                                              _Phil Olivas_ (signature)

   Judicial Council Form POS-010
   Rule 2.150.(a)&(b) Rev January 1, 2007

   **PROOF OF SERVICE**
   **SUMMONS & COMPLAINT**

   (PHIL OLIVAS)

   356650.oasplo.11662

**EXHIBIT A** 000006

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ALASKA AIRLINES, INC. and DOES 1 through 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARLICE MILLER

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER *(Número del Caso):* B - 4 7 5 2 1 - 4 |

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF SAN FRANCISCO
400 McAllister Street
San Francisco, California 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LARRY E. COOK (SBN 122776)    925-947-1147    925-947-1131
CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Boulevard
Walnut Creek, California 94596

DATE: MAY 1 2 2008    Clerk, by _____, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

FOR COURT USE ONLY

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State number, and address):
LARRY E. COOK (SBN 122776)
CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Boulevard
Suite 1020
Walnut Creek, California  94596
TELEPHONE NO.: 925-947-1147    FAX NO.: 925-947-1131
ATTORNEY FOR (Name): Plaintiff MARLICE MILLER

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, California  94102
BRANCH NAME: IN AND FOR THE COUNTY OF SAN FRANCISCO

CASE NAME: MILLER v. ALASKA AIRLINES, INC., et al.

**FILED**
Superior Court of California
County of San Francisco

MAY 12 2008

GORDON PARK-LI, Clerk
BY: _____ Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) / [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CGC-08-475214  JUDGE: _____  DEPT: _____ |

Items 1-6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): Three
5. This case [ ] is [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 12, 2008

LARRY E. COOK (SBN 122776)
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

1 | Larry E. Cook (State Bar No. 122776)
2 | CASPER, MEADOWS, SCHWARTZ & COOK
  | A Professional Corporation
  | California Plaza
3 | 2121 North California Blvd., Suite 1020
  | Walnut Creek, California 94596
4 | Telephone: (925) 947-1147
  | Facsimile: (925) 947-1131
5 |
  | Attorneys for Plaintiff
6 | Marlice Miller

**FILED**

Superior Court of California
County of San Francisco

MAY 1 2 2008

GORDON PARK-LI, Clerk
BY: _____ Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

SUMMONS ISSUED     OCT 1 0 2008 - 9ᴬᴹ AM

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | IN AND FOR THE COUNTY OF SAN FRANCISCO

10 | UNLIMITED JURISDICTION

11

12 | MARLICE MILLER,                    Case No. CGC - 0 8 - 4 7 5 2 1 4

13 |                     Plaintiff,     **COMPLAINT**

14 | vs.                               Aircraft Accident; Personal Injuries

15 | ALASKA AIRLINES, INC. DOES 1
   | Through 50, et al.,
16 |
   |                     Defendants.
17 |

18

19 | PLAINTIFF, MARLICE MILLER, COMES BEFORE THIS HONORABLE COURT, AND

20 | ALLEGES:

21 |         1.      Defendant Alaska Airlines, Inc. is an Alaska Corporation doing business

22 | in the State of California. It has not designated any County as its principal place of

23 | business in this State and therefore may be sued in any County.

24 |         2.      The events which precipitated this action occurred, in part, at the San

25 | Francisco International Airport, a facility owned and operated by the City and County

26 | of San Francisco.

27 |         3.      Plaintiffs are ignorant of the true names and capacities of those

28 | defendants named as DOES 1 through 50. Plaintiffs will amend this complaint to

CASPER, MEADOWS
SCHWARTZ & COOK
2121 N. California Blvd.
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Miller v. Alaska Airlines*
Complaint                    000009                    Page 1

1 state the true names and capacities of such defendants when they have been

2 ascertained. Each fictitiously-named defendant contributed to the acts and omissions

3 alleged in this complaint, and caused plaintiff to suffer damages as alleged. Each

4 reference in this complaint to "defendant," "defendants," or to a specifically-named

5 defendant, refers also to DOES 1 through 50.

6   4.  At all times mentioned in this complaint, each defendant, including each

7 DOE defendant, was the agent, employee, and servant of each of their co-

8 defendants, acting in the course and scope of said agency or employment pursuant

9 to the direction and control of each co-defendant, with each co-defendant's

10 knowledge, consent, and approval. Each defendant and co-defendant has ratified

11 the acts of its co-defendants.

12   5.  At all times mentioned in this complaint, the actions and failures to act by

13 personnel employed by Alaska Airlines on Flight 579 which landed at San Francisco

14 International Airport on May 15, 2006 occurred within the course and scope of these

15 individuals' employment with Alaska Airlines.

16   6.  Alaska Airlines is therefore liable for any actionable conduct by these

17 employees under the doctrine of respondeat superior.

18   7.  On May 15, 2006, Alaska Airlines operated Flight 579, a MD-80 aircraft,

19 from Palm Springs to San Francisco.

20   8.  Plaintiff Marlice Miller was a passenger on that flight with her two minor

21 children.

22   9.  Slightly before or just after the MD-80 aircraft landed at San Francisco

23 International Airport, members of the crew and passengers noticed the presence of

24 smoke in the cabin.

25   10.  On information and belief, Plaintiff alleges that the source of the smoke

26 was a broken oil line on the aircraft.

27   11.  After the aircraft stopped on the runway, Alaska Airlines crew members

28 directed passengers, including Marlice Miller and her children, to evacuate the

CASPER, MEADOWS
SCHWARTZ & COOK
2121 N. California Blvd.
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Miller v. Alaska Airlines*
**Complaint**

COCC010

Page 2

1   aircraft.

2       12.   The Alaska Airlines crew members, however, failed to inform Plaintiff

3   Marlice Miller or her children of the proper method of evacuation.

4       13.   Plaintiff Marlice Miller and her children were seated near the right over-

5   wing emergency exit. Alaska Airlines crew members failed to assist Plaintiff or other

6   passengers in her location on how to safely navigate the exit and descend to the

7   ground.

8       14.   No Alaska Airlines crew members stationed themselves at the exits, on

9   the wing or on the ground under the wing to assist passengers to make a safe exit.

10       15.   Evacuating passengers who used the over-wing emergency exists were

11   required to jump to the ground from the wing. There were no ramps, slides or chutes

12   or Alaska Airline personnel to assist passengers to safely drop from the wing to the

13   ground.

14       16.   After Plaintiff Marlice Miller assured herself that her children were safely

15   on the ground, she dropped from the wing to the pavement. When she hit the

16   ground, her knees buckled and she collapsed onto the tarmac.

17       17.   While Plaintiff Marlice Miller waited on the tarmac for buses to take her

18   and her children to the terminal, no Alaska Airlines employee made any effort to

19   render medical assistance to her.

20       18.   As a result of Plaintiff Marlice Miller's emergency evacuation from the

21   Alaska Airlines aircraft and her drop from the aircraft's wing to the tarmac, Ms. Miller

22   sustained a severe, painful and debilitating injury to her back. The injury caused her

23   constant and persistent pain; severely limited her occupational and social activities

24   and required extended treatment and surgery. She has incurred substantial medical

25   expenses and was unable to pursue her occupation for an extended period of time.

26   /////

27   /////

28   /////

CASPER, MEADOWS
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

### FIRST CAUSE OF ACTION
#### Against Defendant Alaska Airlines
#### Negligence – Breach Of Duty As Common Carrier

19.    Plaintiff incorporates the allegations of paragraphs 1 through 18 of this complaint as though fully set forth herein.

20.    At all times relevant, Defendant Alaska Airlines was a common carrier as defined in California Civil Code §§ 2100 and 2168 and therefore was required by law to use the utmost care and diligence for the safe carriage of its passengers and was further required to provide everything necessary for that purpose, and must exercise to that end a reasonable degree of skill.

21.    In its conduct, including its action and inaction alleged in this complaint, Alaska Airlines failed to use utmost care and diligence and thereby breached its duty to Plaintiff Marlice Miller.

22.    As a proximate result of the failure of an oil line, passengers, including Plaintiff, were forced to evacuate the aircraft through emergency exits. As heretofore alleged, Plaintiff was further required to drop from the right wing of the aircraft onto the ground.

23.    As heretofore alleged, Plaintiff sustained a severe back injury when she struck the ground after dropping from the wing, unassisted by any crew members.

WHEREFORE, PLAINTIFF PRAYS FOR RELIEF AS HEREAFTER SET FORTH:

### SECOND CAUSE OF ACTION
#### Against Defendant Alaska Airlines
#### Failure to Operate Airworthy Aircraft
#### 14 CFR § 91.7

24.    Plaintiff incorporates the allegations of paragraphs 1 through 18 of this complaint as though fully set forth herein.

25.    At all times relevant, pursuant to the regulations of the United States Federal Aviation Administration, specifically Regulation 14 CFR 91.7, Alaska Airlines

CASPER, MEADOWS
SCHWARTZ & COOK
2121 N. California Blvd.
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

Miller v. Alaska Airlines
Complaint                                                      Page 4

1   and the pilot of Flight 579 were required to operate an airworthy aircraft, *i.e.*, an

2   aircraft that was in condition for safe operation.

3        26.    On information and belief, Plaintiff alleges that Alaska Airlines, acting

4   through its employees, violated 14 CFR § 91.7 by operating Flight 579 on May 15,

5   2006 when the aircraft was not in a condition for safe operation.

6        27.    On information and belief, Plaintiff alleges that Alaska Airlines operated

7   the aircraft with a defective oil line which ruptured just prior or after Flight 579 landed

8   at San Francisco International Airport.

9        28.    As a proximate result of the failure of an oil line, passengers, including

10  Plaintiff, were forced to evacuate the aircraft through emergency exits. As heretofore

11  alleged, Plaintiff was further required to drop from the right wing of the aircraft onto

12  the ground.

13       29.    As heretofore alleged, Plaintiff sustained a severe back injury when she

14  struck the ground after dropping from the wing, unassisted by any crew members.

15       WHEREFORE, PLAINTIFF PRAYS FOR RELIEF AS HEREAFTER SET

16  FORTH:

17
                            **THIRD CAUSE OF ACTION**
18                       **Against Defendant Alaska Airlines**
        **Operation Of Aircraft In Careless Or Reckless Manner 14 CFR §**
19                                    **91.13**

20       30.    Plaintiff incorporates the allegations of paragraphs 1 through 29 of this

21  complaint as though fully set forth herein.

22       31.    At all times relevant, pursuant to the regulations of the United States

23  Federal Aviation Administration, specifically Regulation 14 CFR 91.13, Alaska Airlines

24  was forbidden from operating its MD-80 aircraft on Flight 579 on May 15, 2006 from

25  Palm Springs to San Francisco, California in a careless or reckless manner.

26       32.    Alaska Airlines violated that regulation by operating Flight 579 on May

27  15, 2006 in a careless or reckless manner which posed a grave threat of serious

28  bodily injury or death to the passengers, including Plaintiff Marlice Miller.

CARPER, MEADOWS
SCHWARTZ & COOK
2121 N. California Blvd.
Suite 1009
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

*Miller v. Alaska Airlines*
**Complaint**                      000013                      Page 5

33.   Plaintiff alleges, on information and belief, that as a result of the carelessness of Alaska Airlines and its employees, in violation of 14 CFR § 91.13, the MD-80 aircraft on which Plaintiff was a passenger sustained a broken oil line, causing smoke to enter the passenger cabin, posing a grave threat to passengers, including Plaintiff Marlice Miller, and resulting in a forced evacuation of the aircraft.

34.   As a proximate result of the failure of an oil line, all passengers, including Plaintiff, were forced to evacuate the aircraft through emergency exits.

35.   Acting in a careless or reckless manner, in violation of 14 CFR 91.13, Alaska Airlines' personnel failed to station themselves at the exits, on the wing or on the ground under the wing to assist passengers to make a safe exit.   When Plaintiff hit the ground, her knees buckled and she collapsed onto the tarmac.

36.   As heretofore alleged, Plaintiff sustained a severe back injury when she struck the ground after dropping from the wing, unassisted by any crew members.

WHEREFORE, PLAINTIFF PRAYS FOR RELIEF AS HEREAFTER SET FORTH

1)   For general damages according to proof;

2)   For special damages according to proof;

3)   For prejudgment interest according to proof; and

4)   For such other and further relief as the court may deem reasonable and just.

Dated: __May 12, 2008__

_____
Larry E. Cook
CASPER, MEADOWS, SCHWARTZ & COOK
Attorneys for Plaintiff
Marlice Miller

CASPER, MEADOWS
SCHWARTZ & COOK
2121 N. California Blvd
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

Miller v. Alaska Airlines
Complaint

C00011

Page 6

1  ARTHUR I. WILLNER, ESQ. (SBN 118480)
2  TERESA C. CHOW, ESQ. (SBN 237694)
   BERGER KAHN
3  A Law Corporation
   Mail Service:
4    Post Office Box 92621
     Los Angeles, CA 90009-9998
   Location:
5    4551 Glencoe Avenue, Suite 300
     Marina del Rey, CA 90292-5634
6  Tel: (310) 821-9000 • Fax: (310) 775-8775

7  Attorneys for Defendant Alaska Airlines, Inc.

ENDORSED
FILED
Superior Court of California
County of San Francisco

JUN 04 2008

GORDON _____, Clerk
BY: _____ Deputy Clerk

8

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10             FOR THE COUNTY OF SAN FRANCISCO

11

12  MARLICE MILLER,                    CASE NO. CGC-08-475214

13              Plaintiff,

14  vs.                                DEFENDANT ALASKA AIRLINES,
                                       INC.'S ANSWER TO PLAINTIFF'S
15  ALASKA AIRLINES, INC., DOES 1      COMPLAINT
    Through 50, et al.
16                                     DATE ACTION FILED:  05/12/2008
              Defendants.             TRIAL DATE:         None
17

18

19

20          COMES NOW DEFENDANT ALASKA AIRLINES, INC., for itself and no

21  others, in answer to PLAINTIFF MARLICE MILLER's Complaint on file herein, and

22  hereby admits, denies and alleges as follows:

23          1.     Pursuant to the relevant provisions of section 421.30 of the California Code

24  of Civil Procedure, Defendant denies generally and specifically each and every allegation

25  of Plaintiff's Complaint, and the whole thereof, and denies that Plaintiff has been

26  damaged in any amount or sums whatsoever, or at all.

27

28

BERGER KAHN
A Law Corporation
P.O. Box 92621
Los Angeles, CA 90009-9998

1    For its affirmative defenses, Defendant alleges as follows:

2                      **FIRST AFFIRMATIVE DEFENSE**

3                           **(Failure to State a Claim)**

4        2.    The Complaint, and each purported cause of action contained therein, fails

5    to state a claim against this answering Defendant upon which relief can be granted.

6                      **SECOND AFFIRMATIVE DEFENSE**

7                    **(Speculative and/or Uncertain Damages)**

8        3.    Defendant is informed and believes and thereon alleges that Plaintiff's

9    damages, if any, are speculative and/or uncertain and therefore not compensable.

10                      **THIRD AFFIRMATIVE DEFENSE**

11                            **(Failure to Mitigate)**

12       4.    Defendant is informed and believes and thereon alleges that the Complaint

13   and each purported cause of action contained therein are barred because Plaintiff failed to

14   mitigate her damages.

15                      **FOURTH AFFIRMATIVE DEFENSE**

16                         **(Comparative Negligence)**

17       5.    Defendant is informed and believes and thereon alleges that the damages to

18   Plaintiff, if any, were directly caused in full or in part by Plaintiff's negligence,

19   carelessness, and/or recklessness, or that of a third party, for which this answering

20   Defendant bears no responsibility, and/or which comparatively reduces the percentage of

21   negligence, fault and/or liability, if any, of this answering Defendant.

22                      **FIFTH AFFIRMATIVE DEFENSE**

23                           **(Lack of Causation)**

24       6.    Defendant is informed and believes and thereon alleges that the damages to

25   Plaintiff, if any, were the result of superceding or intervening causes arising from acts or

26   omissions of parties which this answering Defendant neither controlled nor had the right

27   to control.

28

BERGER KAHN
A Law Corporation
P.O. Box 92621
Los Angeles, CA 90009-9998

1    **SIXTH AFIRMATIVE DEFENSE**

2    **(Federal Preemption)**

3        7.    The state law causes of action contained in the Complaint are barred

4    because Plaintiff's claims are preempted by federal law, including but not limited to the

5    Airline Deregulation Act, and the Federal Aviation Act and the Federal Aviation

6    Regulations promulgated thereto.

7    **SEVENTH AFFIRMATIVE DEFENSE**

8    **(Contract of Carriage)**

9        8.    The Complaint, and each cause of action alleged therein, is barred by the

10    terms and conditions of the contract of carriage that were incorporated in Plaintiff's

11    airline tickets.

12

13    WHEREEFORE, Defendant prays for relief as follows:

14        1.    That Plaintiff take nothing pursuant to her Complaint, that judgment be

15    entered in favor of answering Defendant and against Plaintiff, and that the Complaint be

16    dismissed with prejudice;

17        2.    For costs of suit incurred herein;

18        3.    For any reasonable attorneys' fees allowed by law; and

19        4.    For further relief as the Court may deem just and proper.

20

21    DATED: June 4, 2008                          BERGER KAHN
                                                    A Law Corporation
22

23

24    By: _____

25    ARTHUR I. WILLNER
      TERESA C. CHOW
      Attorneys for Defendant ALASKA
26    AIRLINES, INC.

27

28

**BERGER KAHN**
*A Law Corporation*
P.O. Box 92621
Los Angeles, CA 90009-9998

## AFFIDAVIT AND DECLARATION OF PROOF OF SERVICE BY MAIL

### (Code Civ. Proc. §§ 1013a(3) and 2015.5)

STATE OF CALIFORNIA          )
                             )  ss.
COUNTY OF LOS ANGELES        )

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action.

I am employed by Berger Kahn, A Law Corporation, whose business address is: 4215 Glencoe Avenue, 2nd Floor, Marina del Rey, California 90292 (the "firm").

On June 4, 2008, I served the foregoing document(s) described as **DEFENDANT ALASKA AIRLINES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** on the interested parties in this action by placing ☐ the original ☒ true copy(ies) thereof, enclosed in sealed envelope(s) with postage thereon fully prepaid and by causing such envelope(s) to be deposited in the mail at 4215 Glencoe Avenue, 2nd Floor, Marina del Rey, California 90292, addressed as follows:

Larry E. Cook, Esq.
Casper, Meadows, Schwartz & Cook
2121 North California Boulevard, Ste. 1020
Walnut Creek, California 94596
(925) 947-1147
(925) 947-1131

I am readily familiar with the firm's practice of collecting and processing correspondence for mailing with the United States Postal Service: it is deposited with the United States Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postal meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 4, 2008, at Marina del Rey, California.

*Sandra Alvarenga*
SANDRA ALVARENGA

BERGER KAHN
A Law Corporation
P.O. Box 92621
Los Angeles, CA 90009-9998

**EXHIBIT B**

# MADSEN & WOLCH, L.L.P.
### A T T O R N E Y S   A T   L A W

Richard A. Madsen, Jr.          2055 North Broadway, Suite 100          telephone: (925) 974-0800
Joseph H. Wolch                 Walnut Creek, California 94596          facsimile: (925) 974-0808
Pamela L. Marraccini                                                    e-mail: MWLLP@aol.com
Sarah B. Orr

March 31, 2008

Tara Palmer
AIG Aviation
1175 Peachtree Street N.E., Suite 1000
Atlanta, GA 30361

### Privileged and Confidential Pursuant to Evidence Code §1152 and §1154

Re:     Our Client:        Marlice Miller
        Your Insured:      Alaska Airlines
        Claim No:          0006691-1
        Date of Incident:  5/15/06

Dear Ms. Palmer:

Our law firm represents Marlice Miller regarding her injuries and claims against your
insured, Alaska Airlines. On May 15, 2006, the Alaska Airlines flight on which Ms. Miller
was a passenger experienced extreme technical difficulties requiring an emergency landing
and evacuation of the aircraft which resulted in severe personal injuries to Ms. Miller.

We set forth herein a statement of the facts of Ms. Miller's injuries, the basis for your client's
liability and an itemization of Ms. Miller's recoverable damages.

As all content in this document is presented as part of a settlement communication, such
content is privileged pursuant to California Evidence Code Sections 1152 and 1154. The
results of our investigation remain our attorney work product, and no disclosure herein
constitutes a waiver of such doctrine or any other privilege. We are providing you with
this information as openly as possible to promote a settlement of this case. Our analysis of
this matter is summarized as follows.

## I. STATEMENT OF THE FACTS

On May 15, 2006, Ms. Miller, , along with her two minor children, were passengers on
Alaska Airlines flight 579 from Palm Springs to San Francisco, California. Just prior to
landing at San Francisco International Airport, the cabin began to fill with smoke. The
aircraft made an emergency landing and the flight crew advised the passengers that they
must make an immediate emergency exit.



**EXHIBIT** R                                            000010

Tara Palmer
AIG Aviation
March 31, 2008
Page 2 of 5

After ordering the emergency evacuation, the Alaska Airlines flight crew provided no
instruction to passengers with respect to the proper evacuation procedure other than to use
their nearest emergency exit. Ms. Miller and her children were seated near the right over-
wing emergency exit. No assistance was provided to passengers seated around the over-
wing exits on how to safely navigate the emergency exit and descend to the ground. No
airline personnel were stationed at the over-wing exits, either in the plane or on the ground,
to assist passengers in making a safe exit. Ms. Miller and her children were forced to exit
the plane extremely rapidly as the cabin had filled with thick black smoke. Ms. Miller's foot
got caught as she attempted to exit from the cabin onto the wing. Once she had freed
herself and exited the plane onto the wing, Ms. Miller was horrified to discover that there
were no slides, ramps, steps or airline personnel to assist the passengers in making the over
seven foot drop from the edge of the wing to the ground. Ms. Miller, after assuring her
children were on the ground, sat on the wing, slid down to the edge and then dropped over
seven feet to the ground below. Ms. Miller's knees buckled and she collapsed upon impact
with the tarmac.

After gathering herself, Ms. Miller's first priority was to ensure that her children were safe
and out of harms way. Ms. Miller and her family were left to stand on the tarmac for over
half an hour before any assistance was rendered. Thereafter, busses arrived to take the
passengers to the terminal. During the time Ms. Miller and her children were left on the
tarmac, no Alaska Airlines personnel made any efforts to render medical or other
assistance, nor was any information provided regarding the cause of the emergency
evacuation or what measures were being taken to assist the passengers now stranded in the
middle of the tarmac.

After Ms. Miller was finally taken to a gate and given instructions by Alaska Airlines on
retrieving her families' belongings, several hours had elapsed. Ms. Miller returned to her
home in San Ramon with her then fiancé and children. That night, Ms. Miller experienced
anxiety and nervousness which prevented her from sleeping. The following morning Ms.
Miller began to experience lower back and neck pain. Over the next few days the pain
increased to the point where she had significant difficulty moving. Ms. Miller immediately
sought medical treatment from her primary care physician, Dr. Dolores K. Musco on May
18, 2006.   Ms. Miller was given pain medication and advised to return in one week if
symptoms did not resolve.

When Ms. Miller's symptoms did not resolve, she returned to Dr. Musco who diagnosed
her with lumbago and prescribed Vicodin, Flexaril and administered Torodol shots. The
treatment with Dr. Musco continued for several weeks. Eventually, Dr. Musco referred Ms.
Miller to physical therapy and to Dr. Rovner, the spine specialist she had seen in 2005 for
removal of bone spurs. Dr. Rovner originally diagnosed Ms. Miller with soft tissue injuries
resulting from the emergency evacuation. He found that she had not aggravated the prior

Tara Palmer
AIG Aviation
March 31, 2008
Page 3 of 5

surgical sight and had not developed any new symptoms related to her 2005 bone spur problem. Dr. Rovner recommended a conservative course of treatment including hot/cold packs and pain medication believing that her symptoms would resolve over time. Upon the advice of Dr. Musco and Dr. Rovner, Ms. Miller began attending physical therapy in November, 2006.

Over the next several months, Ms. Miller attempted to follow her doctors' advice and allow the injury to resolve on its own. During that time, Ms. Miller was in the process of completing her training to become an esthetician. Due to her extreme back pain she was not able to sit for more than twenty minutes at a time. Despite the delays caused by her limitations, Ms. Miller was eventually able to complete her course work and obtain her license. However, due to her extreme pain she was unable to open her own practice as she had been planning. Also during that time period, Ms. Miller had her long planned wedding to Kent Miller. Due to her constant and persistent back pain, Ms. Miller had to ingest significant amounts of pain medication to make it through the ceremony and reception. She was unable to dance at her wedding and was anxious for the party to conclude due to her extreme pain. Her back pain was so severe that she and her new husband were not able to take a honeymoon as she was unable to travel.

When Ms. Miller's back pain did not resolve after nearly seven months, she sought treatment from Dr. Narloch, a pain management specialist. He diagnosed her with heterotopic ossification and lumbosacral radiculopathy and ordered bone scans and additional Cat Scans to determine the appropriate course of treatment. Thereafter, he ordered a facet joint injection. Following this diagnosis, Ms. Miller returned to Dr. Rovner to consult on her treatment options, including spinal fusion. In February, 2007, Dr. Rovner diagnosed Ms. Miller with spondylosis at L5-S1 and L4-5 and facet arthopathy at L5-S1. He prescribed facet block injections to assist in further diagnosis and pain management.

After nearly ten months with little to no improvement, Ms. Miller was experiencing debilitating pain. She was unable to sit or stand for any duration and was limited to light work and walking less than two blocks. In February, 2007, Ms. Miller sought a second opinion from Dr. Hieu Ball. Dr. Ball diagnosed Ms. Miller with a collapsed disc and recommended an anterior discectomy and fusion which was performed on March 9, 2007. While the results of the surgery have been beneficial to date, Ms. Miller is still recovering and the extent of her permanent limitations is not yet known.

As a result of the injuries caused by the emergency exit from Alaska Airlines flight 579, Ms. Miller has suffered a severe spinal injury requiring surgical intervention and nearly two years of debilitating pain which has limited her ability to engage in normal daily activities and has had a negative effect on her career and family life. Prior to her injuries, Ms. Miller was physically active and highly involved in her families' life. Her injuries have forced her

Tara Palmer
AIG Aviation
March 31, 2008
Page 4 of 5

to give up the vast majority of physical activities she previously enjoyed. The large amounts of narcotic pain medications and the lengthy recovery from her spinal surgery have prevented Ms. Miller from participating in the family life she previously cherished. Liability in this case rests squarely with your insured. The evidence is clear and incontrovertible and we are confident a jury will see it that way as well.

## II. LIABILITY

This case involves a claim for personal injury arising out of the negligent operations of Alaska Airlines with respect to the emergency landing and evacuation of flight 579 on May 15, 2006. Liability against your insured is clear. Ms. Miller was a passenger on Alaska Airlines, a common carrier, when she was forced to abandon the aircraft due to a maintenance failure. California Civil Code §2100, requires common carriers to "use the utmost care and diligence for [passengers] safe carriage, must provide everything necessary for that purpose, and must exercise to that end a reasonable degree of skill." Alaska Airlines clearly failed to adhere to its required duty by pushing a defective aircraft into service and failing to safeguard its passengers' safety during the emergency evacuation.

## III. MS. MILLER'S RECOVERABLE DAMAGES

A breakdown of Ms. Miller's recoverable damages, by category and type, is itemized below:

### 1. Past and Future Medical Bills and Medication Bills:

As a result of Alaska Airlines undeniable negligence, Ms. Miller endured excruciating pain and the life long limitations of her resulting spinal surgery. Copies of Ms. Miller's medical records are attached hereto as "Exhibit A." Ms. Miller has incurred approximately $147,597.34 in medical bills to date. (See composite "Exhibit B.") Accent Health Care has a $58,461.95 (through June, 2007) lien for medical care provided to Ms. Miller as a result of her injuries. (See "Exhibit C.") This lien will increase as current treatment is added.

Per your request, I attach hereto as "Exhibit D" copies of Ms. Miller's medical records relating to her 2005 spinal surgery, which clearly evidence a complete recovery prior to May 15, 2006.

Ms. Miller continues to suffer significant pain and emotional distress as a result of the accident. While it is unknown at this time the extent of further medical treatment Ms. Miller will require, it is estimated that future medical bills and medications will exceed $100,000.00.

Tara Palmer
AIG Aviation
March 31, 2008
Page 5 of 5

## 2. General Damages for PHYSICAL Pain:

Ms. Miller suffered severe physical pain from this ordeal. As stated above, Ms. Miller endured nearly a year of debilitating pain prior to her spinal surgery which itself left her in so much pain she was forced to take Oxyconten. Ms. Miller's pain was so severe and debilitating that she experienced significant depression as a result.

## 3. General Damages for EMOTIONAL Anguish:

As discussed above, Ms. Miller experienced significant emotional anguish as a result of the emergency evacuation. Ms. Miller suffered both the trauma associated with the emergency exit and the emotional anguish associated with the debilitating pain of her resulting injury. Ms. Miller has also suffered significant mental anguish while she was forced to watch helplessly as the plane filled with smoke, unable to protect her children as they fled the plane unassisted via the precarious over-wing exit.

Total Exposure: Greater than $2.5 million dollars.

## IV. CONCLUSION

Due to Ms. Miller's serious personal injuries and invasive medical treatment, we view this as a matter of substantial liability against your insured. My firm is prepared to immediately initiate litigation if necessary. As a courtesy, however, my client is willing to discuss resolution of her claims provided that negotiations are realistic and productive. I look forward to hearing from you after you have reviewed the enclosed materials.

Very truly yours,
MADSEN & WOLCH, L.L.P.

Richard A. Madsen, Jr.,
Attorney for Marlice Miller